IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHELLY D. SIKES                                                                    PLAINTIFF

vs.                                    Civil No. 2:18-cv-02195

ANDREW SAUL                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Shelly D. Sikes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.    **Background:**

Plaintiff protectively filed her disability applications on August 20, 2015. (Tr. 19).[1] Plaintiff

alleges being disabled due to osteoarthritis, COPD, back problems, depression, and anxiety.  (Tr.

105, 323).  These applications were denied initially and again upon reconsideration.  (Tr. 19).

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 12,
These references are to the page number of the transcript itself not the ECF page number.

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 190). Plaintiff had an initial administrative hearing on June 13, 2016 and a supplemental hearing on May 8, 2017. (Tr. 41-74, 75-128). Plaintiff was present for both hearings, but was only represented by counsel at the initial hearing. *Id.*

On January 24, 2018, the ALJ entered an unfavorable decision denying Plaintiff's applications for disability. (Tr. 19-33). In this decision, the ALJ found Plaintiff met the insured status of the Act through December 31, 2019. (Tr. 21, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2015, her alleged onset date. (Tr. 21, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: degenerative changes of her cervical, thoracic and lumbar spine, dorsalgia, mild osteoarthritis of her bilateral knees, fibromyalgia/polyarticular joint pain, diabetes mellitus, obesity, obstructive sleep apnea (OSA), and asthma/chronic obstructive pulmonary disease (COPD). (Tr. 21-22, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 25-31). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a limited range of sedentary work. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 32, Finding 6). The ALJ determined Plaintiff was capable of performing her PRW as a receptionist and data entry clerk.

2

*Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from January 1, 2015, through the date of the decision. (Tr. 32, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 268-269). On September 18, 2018, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-5). On November 14, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 16, 17. This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

3

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   Discussion:**

In her appeal brief, Plaintiff raises the following points for reversal: (1) the ALJ erred in not finding Plaintiff's mental impairments severe, (2) the ALJ erred in the RFC determination, (3) the

ALJ erred in evaluating Plaintiff's subjective complaints, and (4) the ALJ erred in finding Plaintiff capable of performing her PRW.  ECF No. 16 at 15-21.  Because the Court finds the ALJ erred by finding Plaintiff's mental impairments non-severe impairments, the Court will only address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).  *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff had the following severe impairments: degenerative changes of her cervical, thoracic and lumbar spine, dorsalgia, mild osteoarthritis of her bilateral knees, fibromyalgia/polyarticular joint pain, diabetes mellitus, obesity, obstructive sleep apnea (OSA), and asthma/chronic obstructive pulmonary disease (COPD).  (Tr. 21, Finding 3).

5

Notably, although Plaintiff alleged being disabled due depression and anxiety, the ALJ did not find those impairments to be severe.  (Tr. 23-24).

Plaintiff's medical records demonstrate she has been diagnosed and treated with depression and anxiety and has been prescribed medication accordingly.  (Tr. 495, 527, 531, 552-560, 680-682).  Based upon these medical records, it appears her depression and anxiety meet the severe impairment standard.  Because the ALJ did not find these were severe impairments, this case must be reversed and remanded for further consideration of Plaintiff's mental impairments.  *See Nicola,* 480 F.3d at 887 (finding the failure to assess an impairment as severe at Step Two of the Analysis was not "harmless error").

4.     <u>**Conclusion:**</u>

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 1st  day of November 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE